# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ARIEL DIEZ DIAZ,

    Petitioner,

v.                                Case No. 3:26-cv-341-MMH-PDB

WARDEN, BAKER
CORRECTIONAL INSTITUTE, et al.,

    Respondents.
_____

## ORDER

    Petitioner Ariel Diez Diaz initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1; Petition). He also filed a Motion for Immediate Release (Doc. 2); Motion to Expedite Consideration (Doc. 3); an Emergency Motion for Temporary Restraining Order (Doc. 4); and an Emergency Motion for Stay of Removal Pending Habeas Corpus Review (Doc. 5).[1]

    The Petition is not a model of clarity, and the Court cannot decipher the claims Diaz intends to raise. His allegations suggest that he may be in removal proceedings now, but that he does not yet have a final order of removal.

---

[1] This Court does not have jurisdiction to issue a stay of removal because an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g).

Regardless, it appears that he mainly challenges his conditions of confinement. But such claims are not cognizable in a § 2241 petition. Instead, conditions-of-confinement claims may be raised in a civil rights complaint. See generally Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015)[2] ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim."). Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) is **STRICKEN without prejudice.**

2. Because the Court strikes the Petition, Diaz's Motions (Docs. 2, 3, 4, 5) are **DENIED as moot**.

3. The **Clerk** shall send Diaz a § 2241 habeas petition form. If Diaz so chooses, he may refile any challenges to his immigration detention under § 2241 on the enclosed form by **April 8, 2026**. He must include the words

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

"Amended Petition" and this case number (3:26-cv-341-MMH-PDB) on the form. If he does not file an amended petition by April 8, 2026, this case will be dismissed without prejudice without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 3/13
c:
Ariel Diez Diaz, #A240568975