UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARIEL DIEZ DIAZ,

        Petitioner,

v.                                 Case No. 3:26-cv-341-MMH-PDB

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        Respondents.

_____

## ORDER

Petitioner Ariel Diez Diaz, an immigration detainee, is proceeding through counsel on an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 11; Amended Petition) as supplemented by his Verification (Doc. 14). Diez Diaz is a citizen of Cuba who entered the United States without inspection on February 18, 2022. Amended Petition at 4. A border patrol agent encountered Diez Diaz near a port of entry in Texas and detained him. Doc. 19-1 at 2. Diez Diaz was served with a notice to appear and then released on an order of recognizance. Id. at 2-3. On June 13, 2025, Diez Diaz appeared for his first immigration hearing, following which United States Immigration and Customs Enforcement (ICE) detained him. Amended Petition at 4-5. He raises various challenges to his immigration detention and seeks, inter alia, either

immediate release or an individualized bond hearing. See Amended Petition at 8-11.

Respondent Warden filed a Motion to Dismiss (Doc. 18), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 19; Response) asserting that they are now detaining Diez Diaz under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Amended Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").[1]

Diez Diaz filed a counseled Reply (Doc. 20; Reply). He asks the Court, among other things, to accept the Federal Respondents' concession that he is entitled to a bond hearing and direct that he be afforded an individualized bond hearing within seven days. Reply at 8-9.

When Diez Diaz was re-detained in June 2025, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at *21

---

[1] Prior to the Eleventh Circuit's decision in Hernandez Alvarez, Respondents were detaining Diez Diaz under 8 U.S.C. § 1225(b)(2)(A). See Response at 2 n.1.

2

(recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Diez Diaz's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 11) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Diez Diaz an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Diez Diaz, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 18) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[2] Because the Court finds that Diez Diaz is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 5/15
c:
Counsel of Record

4