UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARIEL DIEZ DIAZ,

Petitioner,

v. Case No. 3:26-cv-341-MMH-PDB

WARDEN, BAKER CORRECTIONAL INSTITUTION, et al.,

Respondents.

---

**ORDER**

On May 15, 2026, this Court granted Petitioner Ariel Diez Diaz's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 11) and directed Respondents to either afford Diez Diaz an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him within seven days. See Order (Doc. 21). Before the Court are several motions filed by Diez Diaz. First, on May 21 and 29, 2026, Diez Diaz filed an Emergency Motion to Enforce Judgment (Doc. 23) and a Supplemental Motion to Enforce Judgment and Motion for Expedited Ruling or, in the Alternative, Motion for Immediate Release (Doc. 24), respectively. Second, Diez Diaz filed an Emergency Motion for Temporary Restraining Order to Prevent Transfer Pending Resolution of Motion to Enforce (Doc. 27). On June 8, 2026, Federal Respondents filed a

consolidated Response to Diez Diaz's Motions (Doc. 28). Third, on June 29, 2026, Diez Diaz filed a Motion to Reopen and Supplement Habeas Proceedings and for Order to Show Cause re: Civil Contempt (Doc. 29). Finally, on July 4, 2026, Diez Diaz filed a Motion for Status Conference or, in the alternative, to Expedite Ruling (Doc. 30). On July 8, 2026, Federal Respondents filed a consolidated Response to the Motion to Reopen and Motion to Expedite Ruling (Doc. 31).

Diez Diaz acknowledges that he had a timely bond hearing as ordered by this Court. However, he argues that the immigration judge's decision to deny "bond on the sole ground that [Diez Diaz] presents a flight risk due to 'limited prospects for relief[]' . . . is irreconcilable with this Court's Order." Doc. 23 at 1. According to Diez Diaz, "the Immigration Judge effectively resurrected the very § 1225 framework this Court rejected." Id. at 2. Diez Diaz also acknowledges that at the bond hearing, he "presented a comprehensive evidentiary record" and he details the evidence and argument presented. Doc. 24 at 3. He then goes on to argue that the immigration judge's finding "is factually incorrect" and the immigration judge "applied the wrong legal standard" and "ignored the procedural history" of Diez Diaz's immigration proceedings. Id. at 4-5 (some emphasis omitted). According to Diez Diaz, the immigration judge's decision is "constitutionally inadequate and unsupported by the record." Id. at 5 (emphasis omitted).

Upon review of Diez Diaz's Motions, the Court agrees with Federal Respondents that Diez Diaz essentially asks this Court to review the immigration judge's decision and reweigh the evidence presented at the bond hearing. Indeed, Diez Diaz acknowledges that he "presented a comprehensive evidentiary record"; he simply disagrees with how the immigration judge weighed the evidence. At bottom, Federal Respondents complied with the Court's directive that Diez Diaz be afforded "an individualized bond hearing consistent with 8 U.S.C. § 1226(a)." Doc. 21 at 3. The Court further finds no basis to reopen these proceedings or to issue an order to show cause regarding Diez Diaz's transfer to another detention facility as he requests (Doc. 29). If Diez Diaz disagrees with the immigration judge's evaluation of the evidence, his avenue for relief is with the Board of Immigration Appeals.

Accordingly, it is

**ORDERED**:

1. Diez Diaz's Motions to Enforce (Docs. 23, 24) and Motion to Reopen and Supplement Habeas Proceedings and for Order to Show Cause re: Civil Contempt (Doc. 29) are **DENIED**.

2. Diez Diaz's Emergency Motion for Temporary Restraining Order to Prevent Transfer Pending Resolution of Motion to Enforce (Doc. 27) and Motion for Status Conference or, in the alternative, to Expedite Ruling (Doc. 30) are **DENIED as moot**.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of November, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 11/2
c:
Counsel of Record